FILED
MAY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| GRAY'S FOODS, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SALMAN D. YONO, RANDY YONO, and SUNVIEW ROCKFORD, INC., an Illinois corporation, <br><br> Defendants. | **08 C 50088** <br><br> **JUDGE KAPALA** <br> **MAGISTRATE JUDGE MAHONEY** |

## COMPLAINT

NOW COMES Plaintiff, Gray's Foods, Inc., an Illinois corporation, by its attorneys, Klein, Stoddard, Buck, Waller & Lewis, LLC and for its Complaint against Salman D. Yono, Randy Yono, and Sunview Rockford, Inc., collectively as Defendants, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings Count I of this action against Defendants Salman D. Yono and Randy Yono for breach of a written contract whereby said Defendants agreed to purchase certain business assets from Plaintiff.

2. In the alternative to Count I, Plaintiff brings Count II of this action against Defendant Sunview Rockford, Inc., an Illinois corporation, for breach of a written contract to which it became subject by the action of its agents, co-Defendants Salman D. Yono and Randy Yono.

3. Plaintiff brings Count III against Defendants Salman D. Yono and Randy Yono for intentional interference with a contractual relationship for their actions causing the forced cancellation of a lease agreement between Plaintiff and its landlord at one of Plaintiff's grocery store locations.

4. Plaintiff brings Count IV against Defendants Salmon D. Yono and Randy Yono for intentional interference with a business relationship for their actions causing the forced closure of a grocery store operated by Plaintiff.

## PARTIES AND JURISDICTION

5. Plaintiff, Gray's Foods, Inc., is an Illinois corporation that operates multiple retail grocery stores in Rockford, Illinois. Gray's Foods, Inc., is hereinafter referred to as "Gray's".

6. Defendants, Salman D. Yono and Randy Yono are each individuals residing in Detroit, Michigan. Salman D. Yono is hereinafter referred to as "Sam" and Randy Yono is hereinafter referred to as "Randy".

7. Defendant Sunview Rockford, Inc., is an Illinois corporation doing business in Rockford, Illinois. Sunview Rockford, Inc., is hereinafter referred to as "Sunview".

8. This Court has subject matter jurisdiction of this Complaint pursuant to 28 U.S.C. §1332 in that this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) in that Defendant Sunview, resides within the Northern District of Illinois, Western Division.

10. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because Defendants Sam and Randy came to Rockford, Illinois, to conduct the various transactions and other acts described herein.

11. This Court has personal jurisdiction over all Defedants pursuant to 735 ILCS 5/2-209(b)(4) because said Defendants do business in the County of Winnebago and State of Illinois.

## COUNT I

## BREACH OF CONTRACT
## vs. SALMON D. YONO and RANDY YONO

12. Gray's incorporates Paragraphs 1 - 11 above as if fully set forth herein.

13. On or about October 27, 2007, Sam offered to purchase from Gray's certain business assets and leasehold rights that Gray's used in the operation of an ongoing retail grocery business located at two of its stores in Rockford, Illinois.

14. At the same time and place, Gray's acknowledged its willingness to sell to Sam the business assets and leasehold rights as requested, provided that the parties could reduce their agreement to a written contract satisfactory to both of them.

15. Shortly after Gray's and Sam agreed upon their mutual intent as stated above, Sam

       requested that his son, Randy, be included as an additional purchaser in the transaction. Gray's agreed to this request provided that Sam and Randy remained jointly obligated as purchasers.

16. On or about November 6, 2007, the parties executed a written contract setting forth the terms and conditions of their agreement. A true and correct copy of said contract is attached hereto as Exhibit A.

17. At all times herein relevant, Gray's performed all obligations of it as required by the aforesaid contract.

18. From time to time at the request of Sam and Randy, the closing of the aforesaid contract was extended. The final closing was finally scheduled by mutual agreement to occur in two phases, one on January 7, 2008, and the second on January 14, 2008.

19. On January 7, 2008, Gray's appeared at the agreed upon time and place to close on the first phase of the transaction.

20. On January 14, 2008, Gray's appeared at the agreed upon time and place to close on the second phase of the transaction.

21. On both January 7 and January 14, Sam and Randy failed to appear for the closing, failed to tender the purchase price, and otherwise failed to comply with all obligations required of them pursuant to the agreement of the parties.

22. As a direct and proximate result of the acts and omissions by Sam and Randy, Gray's suffered damages including without limitation the following:

    (a)    Loss of value of goodwill = $50,000.00

    (b)    Carrying cost of inventory = $750.00

    (c)    Loss of spoiled or reduced inventory = $82,000.00

    (d)    Costs to relocate assets = $17,500.00

    (e)    Costs to prepare assets for sale and transition to buyer's identity = $2,300.00

    (f)    Additional rent, utility, and facility costs after closing date = $11,500.00

    (g)    Loss of leasehold = $150,000.00

    (h)    Loss of equipment, supplies, and fixtures = $7,000.00

23. The agreement between the parties provides that in the event of a breach, the breaching party shall indemnify the nonbreaching party for all costs of enforcement or loss, including attorney's fees.

**WHEREFORE**, Plaintiff, Gray's Foods, Inc., prays that this honorable court enter judgment in its favor and against Defendants Salmon D. Yono and Randy Yono, jointly and severally, in an amount exceeding $75,000.00 in accordance herewith, together with court costs and attorneys fees, and for such other relief as this court deems just and equitable.

## COUNT II

### BREACH OF CONTRACT
### vs. SUNVIEW ROCKFORD, INC.

24. Gray's incorporates Paragraphs 1 - 23 above as if fully set forth herein.

25. This Count II is pled in the alternative but without prejudice to Count I above.

26. On or about January 5, 2008, Sam requested that all of the assets to be sold pursuant to the aforesaid contract be transferred to Sunview according to the purchaser's right to transfer to an entity owned or controlled by it contained in Paragraph 16 of the contract.

27. Subsequent to Sam and Randy's failure to appear and close on the transaction as described above, they claimed that they owed no personal duty to Gray's, but that any obligation of "Purchaser" in the parties' agreement was solely the obligation of Sunview.

28. Although Gray's disputes Sam and Randy's denial of personal liability in this matter, in the alternative to Count I, Gray's would assert that all damages incurred by Gray's was directly and proximately caused by Sunview.

**WHEREFORE**, Plaintiff, Gray's Foods, Inc., prays that this honorable court enter judgment in its favor and against Defendant Sunview Rockford, Inc., in an amount exceeding $75,000.00 in accordance herewith, together with court costs and attorneys fees, and for such other relief as this court deems just and equitable.

## COUNT III

### INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP
### (with ROCKFORD LOCAL DEVELOPMENT CORP.)

29. Gray's incorporates Paragraphs 1 - 22 of Count I as if fully set forth herein.

30. A substantial portion of the assets included in the parties' contract were being used by Gray's in its retail grocery business at 1414 South Main Street, Rockford, Illinois. Said real property is hereinafter referred to as "South Main Street".

31. Gray's did not own the South Main Street property, but leased the location from Rockford Local Development Corp.

32. In approximately October or November of 2007, Sam entered into negotiations with Rockford Local Development Corp. for the purchase of the South Main Property.

33. While negotiating with Rockford Local Development Corp., Sam learned that Gray's had an additional option on its lease that could be exercised to extend its favorable terms for its leasehold on the South Main Street property.

34. On information and belief, Sam came to realize that he could acquire the South Main Property at a more favorable price if Gray's was no longer operating as an ongoing business.

35. Sam also learned that if Gray's ceased to operate its grocery store at any time, then it would be in default of its lease with Rockford Local Development Corp., and the option to extend the lease would be forfeited.

36. Sam and Randy, acting in concert, devised a plan whereby Gray's would be prepared to close its grocery business in anticipation of closing on the sale to Sam and Randy, and would thereby default on its lease.

37. Acting in reliance on Sam and Randy's agreement to purchase its assets, Gray's removed all of its signs and trade advertisements, conducted a full and final inventory of its grocery wares, and otherwise prepared to close on its sale to Sam and Randy.

38. When Sam and Randy failed to close on their agreed upon purchase, Gray's became in default under the terms of its lease to Rockford Local Development.

39. As a direct and proximate result of the foregoing actions, Gray's was forced to enter into a surrender agreement with Rockford Local Development Corp., give up its leasehold rights on the South Main Street property, and surrender complete control of all of its fixtures, equipment, and other non-inventory assets at said location.

40. Subsequent to Gray's surrender of the property to Rockford Local Development Corp., Sam did in fact acquire control of the South Main Street property without paying Gray's for its leasehold rights, fixtures, equipment, or other assets. Sam used this advantage to open a retail grocery business just as he had contemplated when purporting to negotiate an agreement to acquire these assets from Gray's.

41.   Subsequent to Gray's default due to the actions of Sam and Randy, Sam attempted to pressure Rockford Local Development into quickly closing on his acquisition of the South Main Street property, and also into giving him an assignment of Rockford Local Development's extensive rights to assess penalties and costs against Gray's under the terms of its written lease.

42.   The acts of Sam and Randy as described herein demonstrate a clear intent to interfere in the contractual relationship between Gray's and Rockford Local Development for the purpose of giving Sam and Randy an economic advantage in taking over the grocery operation at the South Main Street property.

43.   The demonstrated intent of Sam and Randy to gain an economic advantage over Gray's by entering into a dubious agreement and then refusing to perform their obligations constitutes willful and malicious conduct that warrants the imposition of punitive damages against them.

**WHEREFORE**, Plaintiff, Gray's Foods, Inc., prays that this honorable court enter judgment in its favor and against Defendants Salmon D. Yono and Randy Yono, jointly and severally, in an amount exceeding $75,000.00 in accordance herewith, together with court costs and attorneys fees, and for such other relief as this court deems just and equitable. Plaintiff further prays for an award of punitive damages commensurate with Defendants' actions as described herein.

## COUNT IV

### INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP
### (with GRAY'S GROCERY OPERATION)

44.   Gray's incorporates Paragraphs 1 - 39 of Count III as if fully set forth herein.

45.   But for the actions of Sam and Randy, Gray's would not have defaulted on its lease, would have remained in possession of the South Main Street property, and would have continued its business operations.

46.   Gray's had a reasonable expectation of continuing to operate its business at the South Main Street property, and to generate an ongoing revenue stream from said business.

47.   As a direct and proximate result of the acts of Sam and Randy described herein, Gray's was forced to close its retail grocery operation at the South Main Street property.

48.   Sam and Randy acted willfully and maliciously with the intent of forcing Gray's out of business so that they could benefit from the goodwill and history of the retail grocery

business long established by Gray's. Such actions constitute grounds for the imposition of punitive damages by this court.

**WHEREFORE**, Plaintiff, Gray's Foods, Inc., prays that this honorable court enter judgment in its favor and against Defendants Salmon D. Yono and Randy Yono, jointly and severally, in an amount exceeding $75,000.00 in accordance herewith, together with court costs and attorneys fees, and for such other relief as this court deems just and equitable. Plaintiff further prays for an award of punitive damages commensurate with Defendants' actions as described herein.

**GRAY'S FOODS, INC.,** an Illinois corporation, Plaintiff

By: */s/ Jeffrey L. Lewis*
One of its attorneys

Jeffrey L. Lewis
Klein, Stoddard, Buck, Waller & Lewis, LLC
2045 Aberdeen Court, Suite A
Sycamore, IL 60178
Phone: 815-748-0380
Fax: 815-748-4030