# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50088 | **DATE** | 5/21/2008 |
| **CASE TITLE** | Gray's Foods, Inc vs. Yono et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has filed this action premised on the Court's diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1). Plaintiff fails to properly allege subject matter jurisdiction. Plaintiff has alleged that it is an Illinois corporation, but fails to allege its principal place of business. Corporations are citizens of both the state of their incorporation and the state that is their principal place of business for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). The jurisdictional allegations must allege both. Additionally, plaintiffs have alleged that defendants Salman D. Yono and Randy Yono are "residents" of the State of Michigan, but fail to allege their citizenship. Citizenship is what matters for diversity jurisdiction purposes. Meyerson v. Harrah's E. Chi. Casino, 229 F.3d 616, 617 (7th Cir. 2002). Moreover, in addition to their failure to allege the principal place of business of defendant Sunview Rockford, Inc., plaintiff has alleged that Sunview Rockford, Inc. is an Illinois Corporation, thereby destroying this court's diversity jurisdiction. "[N]one of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." Howell v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Plaintiff shall file amended allegations of subject matter jurisdiction by 6/9/08 or this case will be dismissed for lack of proper subject matter jurisdiction.

*[signature: Frederick J. Kapala]*

Docketing to mail notices.

| | Courtroom Deputy Initials | /lc |
|---|---|---|

08C50041 Tegrant Alloyd, Brands, Inc vs. U.S. Merchants, Inc.                    Page 1 of 1